# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEVEN IVEY,**

        **Plaintiff,**

**-vs-**          **Case No. 6:07-cv-478-Orl-22DAB**

**HENRY PAULSON, Secretary, United States Department of Treasury,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**    **March 21, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the complaint be dismissed.

Upon submitting an affidavit of indigency, any court of the United States may authorize a party to proceed in forma pauperis. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).

To determine if a plaintiff should be permitted to proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id. quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976).

The standard applicable to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B), is the same as that of motions to dismiss under Fed. R. Civ. P. 12(b)(6). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[P]ro se litigant[s] must still meet minimal pleading standards.").

In his Complaint, Ivey asserts claims for libel and slander against Paulson, the only defendant named in the case style, although he purports to make claims about several of his former co-workers in the body of the Complaint. In addition, Plaintiff notes that "the following statutes may need to be utilized in the event of processing the complaint as per the EEOC decision and relief: civil statutes 42 U.S.C. § 1981, 42 USCS § 1983, 42 USC § 1986, 42 USC § 1988 and 42 USC 2000" (Complaint, page 8.) The allegations in the Complaint appear to center on communications regarding Ivey's termination from a position with the Department of the Treasury.

The Court notes that Plaintiff has filed numerous previous complaints relating to his alleged

employment, in this district and elsewhere. *See e.g. Ivey v. Snow*, Case No. 6:05cv1604-22KRS; *Ivey v. Snow,* Case No. 6:05cv1818-19DAB *; Ivey v. Dep't of the Treasury*, 107 Fed. Appx. 918 (Fed. Cir. 2004); *Ivey v. Snow*, No. Civ.A. 04-0214(EGS), 2005 WL 2474480 (D.D.C. Aug. 30, 2005); *Ivey v. Snow*, No. Civ.A. 04-1377(EGS), 2005 WL 758259 (D.D.C. April 1, 2005). Significantly, the Eleventh Circuit Court of Appeals has recently affirmed summary judgment in the Secretary's favor on a related civil rights case brought by Ivey in the Northern District of Georgia. *Ivey v. Paulson,* 2007 WL 216284 (11th Cir. 2007) (January 29, 2007, slip opinion).

A review of the instant pleading compels a conclusion that Plaintiff's Complaint is not colorable.

### *Libel and Slander*

"To recover for libel or slander under Florida law, a plaintiff must demonstrate that: 1) the defendant published a false statement; 2) about the plaintiff; 3) to a third party; and 4) the [plaintiff] suffered damages as a result of the publication." *Thompson v. Orange Lake Country Club, Inc*., 224 F.Supp.2d 1368, 1376 (M.D. Fla.2002) (internal citation omitted). To the extent the Complaint purports to state a common law claim of libel and slander under sate law against Paulson in his individual capacity, even if one were to presume jurisdiction existed, there is not one allegation that Paulson ever published a false statement about the Plaintiff. Indeed, there are no allegations whatsoever respecting Paulson. Absent such an allegation, there is no claim for libel or slander against Paulson in his personal capacity.

To the extent Ivey is suing Paulson in his official capacity, there is no showing that such a suit is cognizable, in the absence of any supportable allegation that the government waived sovereign immunity. *See Metz v. United States,* 788 F.2d 1528, 1535 (11th Cir.), *cert. denied,* 479 U.S. 930, 107

S.Ct. 400, 93 L.Ed.2d 353 (1986) (claims which arose out of slander are not actionable under the Federal Tort Claim Act);. *Ivey v. Paulson*, 2007 WL 216284 (11th Cir. 2007); 28 U.S.C.A. § 2680 (h).

### *Section 1981*

To state a claim under Section 1981, a private plaintiff must allege, at a minimum, that he was discriminated against based on his race, color, or national origin. *See St. Louis v. Sands*, 401 F. Supp.2d 1351 (S.D. Fla. 2005). Ivey does not allege that he was discriminated against based on any of these factors. Thus, the Complaint fails to state a claim on which relief may be granted under §1981.

### *Section 1983*

42 U.S.C. § 1983 only provides a remedy for deprivation of constitutional rights by a person acting "under color of any statute, ordinance, regulation, custom, or usage, of any *State or Territory or the District of Columbia . . . .*" (emphasis added). Section 1983 provides no cause of action against federal agents or officials acting under color of federal law. *See, e.g.*, *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982) (*citing Seibert v. Baptist*, 594 F.2d 423, 429 (5th Cir. 1979)). Ivey does not allege that Paulson was acting "under color of state law" with respect to any of the allegations contained in the Complaint. Thus, the Complaint fails to state a claim on which relief may be granted under Section 1983. Moreover, "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and citation omitted). Plaintiff has not alleged any actions by the only named Defendant.

### *Section 1986*

Section 1986 provides a cause of action against anyone who neglects to prevent a known conspiracy to violate any of the activities or privileges mentioned in 42 U.S.C. § 1985. In other words, "Section 1986 claims are . . . derivative of § 1985 violations." *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Ivey does not allege that Paulson violated or conspired to violate any of the provisions of § 1985. Accordingly, the complaint does not state a cause of action under this section.

### *Section 1988*

Section 1988 does not create a separate cause of action. Rather, the statute provides for an award of attorneys' fees to a prevailing party in a civil rights action. *See Estes v. Tuscaloosa County, Ala.*, 696 F.2d 898, 901 (11th Cir. 1983) ("Section 1988 authorizes attorney's fees as part of a remedy for violations of civil rights statutes; it does not create an independent right of action."). Therefore, the Complaint fails to state a claim on which relief may be granted under Section 1988.

### *Title VII of the Civil Rights Act of 1964*

To state a claim of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., a plaintiff must generally allege, among other things, that he is a member of a protected class and that he was discriminated against on that basis. *Nix v. WLCY Radio/Rahall Comm'ns,* 738 F.2d 1181, 1187 (11th Cir. 1984) ("Title VII addresses discrimination.") (emphasis in original; quotation marks and citation omitted). To state a claim of retaliation under Title VII, a plaintiff must allege that he engaged in statutorily protected activity by opposing a practice made unlawful by Title VII, that an adverse employment action occurred, and that the adverse action was causally related to the plaintiff's protected activities. *See Little v. United Technologies*, 103 F.3d 956,

959 (11th Cir. 1997). Ivey does not allege that he was discriminated against based on his status as a member of a protected class. Moreover, the Eleventh Circuit has already addressed Plaintiff's harassment and retaliation claims, and it affirmed the district court's finding that they have no merit. *Ivey v. Paulson,* 2007 WL 216284 (Slip Opinion) (11th Cir., January 29, 2007).

Plaintiff has also failed to allege facts showing that venue is proper in this Court.

In view of Plaintiff's repeated unsuccessful attempts to state a cognizable cause of action in this court, and in view of the *res judicata* effect of the decision of the Eleventh Circuit Court, it is suggested that the Complaint is not amenable to amendment sufficient to present a cognizable cause of action against this Defendant. Accordingly, it is respectfully recommended that the Court dismiss the complaint, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and deny the pending motion to proceed in forma pauperis as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 26, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy